# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

WENDELL DAVID WILLIAMS                                                                    PLAINTIFF

v.                                              CASE NO. 4:07-CV-00326 GTE

UNITED STATES OF AMERICA                                                                  DEFENDANT

## ORDER

The record reflects that on February 5, 2004, Plaintiff entered a plea of guilty to Production of Child Pornography in violation of 18 U.S.C. § 2251(a) in accordance with the terms of a written plea agreement. Plaintiff's sentencing hearing occurred on May 27, 2004. On June 1, 2004, this Court entered judgment sentencing Plaintiff to 120 months' imprisonment, three years' supervised release, and a $100 special assessment. Williams commenced the proceeding at bar on April 2, 2007, by filing what he characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A prisoner may challenge the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. § 2241 in the district of his incarceration, but a challenge to the validity of the sentence itself must be brought under section 2255 in the district of the sentencing court. *See Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002). It appears that "execution" means the manner in which a sentence is actually served, i.e. a petition filed to challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, . . . or conditions of confinement . . . ." *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003); *United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001). Section 2255 provides in

1

part that a federal prisoner may seek "release[] upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the Court was without jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255.

In his petition, Plaintiff Williams asserts that this Court had no jurisdiction or authority in his criminal case, 4:04-cr-00011-01 GTE. Plaintiff requests that the Court vacate all judgments, orders, sentences, fines, assessments, and contracts, including plea agreements. Therefore, the Court is convinced that Plaintiff is not challenging the execution of his sentence, but is attempting to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. **Plaintiff is placed on notice that the Court intends to recharacterize Plaintiff's submission from a petition pursuant to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. § 2255.**

In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the Court notifies the Plaintiff that the intended recharacterization means that any subsequent section 2255 motion will be subject to the restrictions on "second or successive" motions,[1] and gives the Plaintiff the opportunity to withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. Therefore, **Plaintiff has up to and including May 14, 2007, to either withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will consider the motion under section 2255 as presently stated**.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff has up to and including May 14, 2007,

---

[1] 28 U.S.C. § 2255 provides, in part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."

to either withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will consider the motion under section 2255 as presently stated.

Dated this 6th day of April, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE