UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**WENDELL DAVID WILLIAMS**                                                                                    **PLAINTIFF**

v.                                             **CASE NO. 4:07-CV-00326 GTE**

**UNITED STATES OF AMERICA**                                                                          **DEFENDANT**

**ORDER**

Presently before the Court is Plaintiff's "Motion for Relief of Order Pursuant to Rule 60(b)(4) F.R.C.P.," which is more appropriately styled as a motion for reconsideration.

The record reflects that on February 5, 2004, Plaintiff entered a plea of guilty to Production of Child Pornography in violation of 18 U.S.C. § 2251(a) in accordance with the terms of a written plea agreement. Plaintiff's sentencing hearing occurred on May 27, 2004. On June 1, 2004, this Court entered judgment sentencing Plaintiff to 120 months' imprisonment, three years' supervised release, and a $100 special assessment. Williams commenced the proceeding at bar on April 2, 2007, by filing what he characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 6, 2007, the Court issued an Order stating:

> A prisoner may challenge the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. § 2241 in the district of his incarceration, but a challenge to the validity of the sentence itself must be brought under section 2255 in the district of the sentencing court. *See Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002). It appears that "execution" means the manner in which a sentence is actually served, i.e. a petition filed to challenge "calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, . . . or conditions of confinement . . .." *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003); *United States v. Peterman*, 249 F.3d 458 (6th Cir.

2001). Section 2255 provides in part that a federal prisoner may seek "release[] upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the Court was without jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255.

In his petition, Plaintiff Williams asserts that this Court had no jurisdiction or authority in his criminal case, 4:04-cr-00011-01 GTE. Plaintiff requests that the Court vacate all judgments, orders, sentences, fines, assessments, and contracts, including plea agreements. Therefore, the Court is convinced that Plaintiff is not challenging the execution of his sentence, but is attempting to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. **Plaintiff is placed on notice that the Court intends to recharacterize Plaintiff's submission from a petition pursuant to 28 U.S.C. § 2241 to a motion pursuant to 28 U.S.C. § 2255.**

In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the Court notifies the Plaintiff that the intended recharacterization means that any subsequent section 2255 motion will be subject to the restrictions on "second or successive" motions,[1] and gives the Plaintiff the opportunity to withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. Therefore, **Plaintiff has up to and including May 14, 2007, to either withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has. If Plaintiff neither withdraws the motion, nor amends it, the Court will consider the motion under section 2255 as presently stated**.

On April 19, 2007, the Court considered Plaintiff's April 18, 2007, "Motion for Relief of Order, pursuant to Rule 60(b)(4), of the Federal Rules of Civil Procedure," but noted that Plaintiff's motion is more appropriately styled as a motion for reconsideration of the previous order. In his motion, Plaintiff objected to the Court's Order, stating that he "is not challenging the sentence or its validity, nor is he challenging the calculations of the Bureau of Prisons or condition of confinement," but that he "is challenging the very issue of 'Jurisdiction' of the United States with respect to bringing charges against the petitioner." Additionally, Plaintiff

---

[1] 28 U.S.C. § 2255 provides, in part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."

stated that the Court's Order "to change the petitioner[']s 'Writ of Habeas Corpus' into a 2255 Petition is detrimental to the petitioner's ability to redress the court and point out the facts and case law which specifically state[] the issues which the petitioner has stated in his original petition." The case law cited by Plaintiff does not support his arguments.

The Court declined to reconsider its previous ruling, noting that 28 U.S.C. § 2255 provides in part that a federal prisoner may seek "release[] upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or <u>that the Court was without jurisdiction to impose such sentence</u> . . . ." 28 U.S.C. § 2255 (emphasis added). The Court further noted that in *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), the Eighth Circuit found that the United States District Court for the Eastern District of Missouri lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located, and the Plaintiff was incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri, which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). The Court attempted to explain that even if the Court were to consider Plaintiff's initial filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court would be forced to dismiss the case for lack of personal jurisdiction because the Plaintiff is incarcerated in Safford, Arizona. Thus, once again, the Court offered Plaintiff the opportunity to either withdraw the motion or to amend it so that it contains all the section 2255 claims he believes he has, and stated that if the Plaintiff neither withdraws the motion, nor amends it, the Court would consider the motion under section 2255 as presently stated.

In the motion presently before the Court, although the Court has already cautioned Plaintiff of the result of proceeding under 28 U.S.C. § 2241, Plaintiff once again insists that the Court consider his motion under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255. Plaintiff explains that he has been incarcerated for over four years, and therefore, does not meet the statute of limitations requirements under 28 U.S.C. § 2255. The Court grants Plaintiff's motion, and considers his petition under 28 U.S.C. § 2241.

As previously discussed, under *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987), the Eighth Circuit found that the United States District Court for the Eastern District of Missouri lacked personal jurisdiction because a § 2241(a) habeas petition must be filed in the judicial district within which either the USPC or the prisoner's custodian is located, and the Plaintiff was incarcerated in the United States Medical Center for Federal Prisoners in Springfield, Missouri, which is located within the Western District of Missouri. 28 U.S.C. § 105(b)(5). As the Court has previously informed Plaintiff, the Court must dismiss the case for lack of personal jurisdiction because the Plaintiff is incarcerated in Safford, Arizona. Furthermore, the Court notes that it does not appear that Plaintiff has a cognizable claim under 28 U.S.C. § 2241 because he is challenging the sentence itself, rather than the manner of execution of his sentence.

Accordingly,

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Reconsideration (Docket No. 7) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff's Petition for Writ of Habeas Corpus is DISMISSED for lack of personal jurisdiction.

Dated this 15th day of May, 2007.

                                                                               /s/Garnett Thomas Eisele
                                                                               UNITED STATES DISTRICT JUDGE